OPINION
Defendant-appellant Gary Turner appeals from a judgment rendered against him in the amount of $1,730.98, together with interest and costs. Turner contends that the trial court abused its discretion in finding that a personal computer he sold to plaintiff-appellee Caryl Engle was unfit for its particular purpose, and that the decision of the trial court is against the manifest weight of the evidence. We conclude that there was a conflict in the testimony of Turner and Engle, the only witnesses to testify. Engle testified that Turner recommended the installation of Windows 95 on the personal computer he sold to her; Turner testified that he did not. Based upon our review of the transcript of testimony, we conclude that the trial court could have found that Engle was the more credible witness on this point. Turner's argument that he was not responsible for the software he sold to Engle depends upon his assertion that he recommended against it. Because the trial court could have found against him on this disputed issue of fact, the trial court did not err in awarding judgment to Engle.
Accordingly, the judgment of the trial court is Affirmed.
 I
In December, 1996, Turner sold Engle a personal computer. Both parties agree that Engle was not knowledgeable with respect to computers, and that she relied upon Turner's expertise. Both parties agree that Engle informed Turner that her primary, if not exclusive, purpose for the personal computer would be word processing. Engle testified that Turner recommended Windows 95. When Turner was asked whether he had a specific memory whether he had recommended Windows 95, he did not indicate that he had specific memory, but testified, instead, "That has to be incorrect, because we were not pushing Windows 95 at that time."
Both parties acknowledge that Engle experienced numerous problems with the computer she purchased, from the very beginning. Turner had sold his business to Jody Smith[1] shortly after the sale. Turner did not become aware of the problems Engle was experiencing with her computer until April, 1997. At that time, both parties acknowledge that Turner replaced and upgraded many of the hardware components, including the microchip processor and the random access memory, at no charge to Engle.
Engle's computer still did not work satisfactorily, and she brought an action against Smith and Turner, which resulted in a magistrate's decision requiring Turner to take certain additional steps to try to fix the problem, and dismissing the action, without prejudice. The magistrate's decision, which was filed on December 1, 1998, was admitted in evidence as Defendant's Exhibit B in the case before us. From our record, it is not clear whether the magistrate's decision was ever adopted by the trial court as the judgment of the trial court. Even if it was, it was a dismissal without prejudice.
Continuing efforts to fix the problem with Engle's computer were not successful. Although Turner denied that there are any hardware problems with the computer, he admitted that there may be software problems with the computer:
Q. Do you think there are software problems?
A. There may be. There may be.
Engle gave up hope of ever fixing the computer satisfactorily, and bought a new one. She brought this action to rescind the transaction, and recover the purchase price she paid for the computer.
Following a hearing, the trial court awarded judgment to Engle, finding that Turner had breached the implied warranty of fitness for a particular purpose, pursuant to R.C. 1302.28. From the judgment of the trial court, Turner appeals.
 II
Turner's assignments of error are as follows:
 I. THE COURT ABUSED ITS DISCRETION IN FINDING THAT THE COMPUTER WAS UNFIT FOR ITS PARTICULAR PURPOSE.
 II. THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Turner argues these assignments of error together. Turner argues that he is not responsible for the software that was bundled with the hardware that he sold to Engle. He distinguishes Hollingsworth v. The Software House, Inc. (1986), 32 Ohio App.3d 61, upon which both Engle and the trial court relied, upon the ground that in the case before us, unlike in Hollingsworth, supra, the purchaser did not rely upon the seller's skill and judgment, because she rejected his recommendation when she decided to include Windows 95 in the system she purchased. This was the subject of conflicting testimony. We have reviewed the record, and we conclude that the trial court was entitled to find Engle's testimony to be more credible on this subject. She testified, both upon direct and upon cross-examination, that Turner recommended the installation of Windows 95.
Once this factual issue is resolved adversely to Turner, his attempt to distinguish Hollingsworth, supra, fails. He acknowledged that Engle had informed him of the purpose for which she intended to use the system, that she had no skill or expertise in the subject of computers, that he did have skill and expertise in the subject of computers, and that Engle relied upon that skill and expertise. These facts bring this case squarely within the ambit of R.C. 1302.28, which provides as follows:
 Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 1302.29 of the Revised Code an implied warranty that the goods shall be fit for such purpose.
Turner does not challenge the propriety of rescission as an appropriate remedy for that breach. Nor does he challenge the amount of the judgment awarded against him. Turner does seem to be contending that Engle failed to prove that there was a problem with the software after Turner's last attempt to fix the computer, but Engle did testify that the computer did not work any better thereafter, and Turner, himself, acknowledged that "there may be" software problems with the computer.
Accordingly, we conclude that the judgment of the trial court is not against the manifest weight of the evidence, and that the trial court did not abuse its discretion in awarding judgment in Engle's favor.
Turner also argues that Engle accepted the goods, pursuant to R.C.1302.64, when she failed to reject them within a reasonable time. This was not raised as a defense in Turner's answer, nor was it argued to the trial court. Accordingly, we conclude that Turner has waived any claim that Engle accepted the goods.
Finally, there is a suggestion in Turner's brief that the magistrate's decision in the earlier litigation between the parties bars Engle's claim pursuant to the doctrine of res judicata. Res judicata depends upon facts — the existence of a judgment in a prior litigation between the parties that determines the issue — that must be pleaded and proven. Turner never raised the issue of res judicata in his pleadings. There is no evidence in this record that the magistrate's decision admitted as evidence in this case was ever adopted as a judgment of the trial court in the earlier litigation. Even if it were, it was, by its terms, without prejudice, which would preclude any binding effect, i.e., prejudice resulting from it.
Both of Turner's assignments of error are overruled.
 III
Both of Turner's assignments of error having been overruled, the judgment of the trial court is Affirmed.
[1] Although Smith was a defendant in the action, the judgment was awarded against Turner, and Smith has not entered an appearance in this appeal.